**ADVANTAGE TITLE AGENCY, INC., Plaintiff,**

v.

**Leonard ROSEN, United States of America, Mats Group, Inc., as assignee of Reliance Security, Inc., Sheriff of Suffolk County, and Gary M. Rosen, Defendants.**

No. 03 CV 1795(ADS)(MLO).

United States District Court, E.D. New York.

Dec. 27, 2003.

Berkman, Henoch, Peterson & Peddy, P.C. by Peter Sullivan, Esq., Andrew M. Roth, Esq., Of Counsel, Garden City, NY, for Plaintiff.

Russo, Fox & Karl, Esqs. by Terry J. Karl, Esq., Of Counsel, Hauppauge, NY, for Defendant Leonard Rosen.

United States Department of Justice, Tax Division by David Miller Steiner, Trial Attorney, Washington, DC, for Defendant United States of America.

Somer & Heller by Jeffrey T. Heller, Esq., Of Counsel, Commack, NY, for Defendants Mats Group, Inc. and Gary M. Rosen.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Pending before the Court is a motion by the plaintiff Advantage Title Agency, Inc. ("Advantage" or the "plaintiff") for an order authorizing and directing Advantage to deposit into the Court registry certain funds it holds in escrow in the amount of $36,804, less its attorney's fees and disbursements in connection with this action. In addition, upon making the deposit, the plaintiff requests that it be relieved of any and all liability or obligation with respect to the escrow fund or to any of the defendants in this action pursuant to 28 U.S.C. §§ 1335 and 2361. In the alternative, the plaintiff moves for an order pursuant to 28 U.S.C. § 1447 to remand this action to the Supreme Court of the State of New York, County of Suffolk.

### I. BACKGROUND

In 2000, Advantage performed title abstract services in connection with the closing of title to certain real property located in Patchogue, New York (the "premises"). The closing took place on August 29, 2000. The premises were owned by Irene Rosen. Prior to the closing, Irene Rosen passed away on a date not specified in the papers. Following her death and in accordance with her last will and testament, Aaron Rosen, Paul Rosen, and the defendant Leonard Rosen, were all appointed and qualified as co-executors of her estate. Under the will, the proceeds from the sale of the premises were to be equally divided amongst the co-executors.

After payment of the estate expenses and certain expenses attributable to and to be paid by Leonard Rosen in accordance of the will, a balance of $36,804 from the sale proceeds was owed to him. A title report prepared by Advantage revealed the existence of four federal tax liens by the de-

fendant United States of America (the "Government"), as well as other judgments, against Leonard Rosen. During the closing of title to the premises, Leonard Rosen informed Advantage that he had renounced, with certain limitations, his right to receive any monies to be distributed to him under Irene Rosen's will, including the balance of $36,804 from the proceeds of the sale. As a result, Advantage and the co-executors of the estate, including Leonard Rosen, executed an escrow agreement pursuant to which Advantage retained the sum of $36,804 in escrow and agreed to retain it pending receipt from Leonard Rosen of a release of all federal tax liens and proof that the ultimate devisees for the renounced share were free and clear of any liens.

As previously mentioned, Advantage's title report revealed that there were other judgment creditors against Leonard Rosen, including Reliance Security, Inc., which judgment was purchased by defendant Mats Groups, Inc. ("Mats Groups"). In addition, on February 4, 2003, the defendant Sheriff of Suffolk County served Advantage with a notice of levy claiming entitlement to receive the escrow fund. Furthermore, the defendant Gary M. Rosen, by letter dated February 7, 2003, claims to be the holder of another judgment against Leonard Rosen. Because Leonard Rosen failed to satisfy the conditions in the escrow agreement, Advantage continues to retain the escrow fund. The defendants Government, Mats Groups, Sheriff of Suffolk County, and Gary M. Rosen have each asserted claims to the escrow fund. Because each claim exceeds the total amount in the escrow fund, Advantage contends it possesses only a single fund which is payable to only one of the defendants.

To resolve potentially competing claims to the escrow fund, in February 2003, the plaintiff filed an interpleader action in the Supreme Court of the State of New York, County of Suffolk, against Leonard Rosen, the Government, Mats Group, Sheriff of Suffolk County, and Gary M. Rosen. On April 11, 2003, the Government, which claims four liens against Leonard Rosen, removed the action to the Unites States District Court for the Eastern District of New York.

On July 23, 2003, Advantage filed the instant motion to compel an order authorizing and directing it to deposit the escrow fund with the Clerk of the Court, less its attorney's fees and costs in connection with this action. In addition, upon making the deposit, Advantage requests that it be relieved of any and all liability or obligation with respect to the escrow fund or to any of the defendants in this action pursuant to the federal interpleader statutes, 28 U.S.C. §§ 1335 and 2361. Alternatively, if the Court lacks subject matter jurisdiction, Advantage requests an order pursuant to 28 U.S.C. § 1447 remanding this action to the state court. Only the Government opposes the instant motion.

## II. BACKGROUND

Advantage seeks an order permitting it to deposit the escrow fund in the amount of $36,804 in escrow with the Clerk of the Court. Neither the Government nor any other party opposes this request. As such, the Court grants the plaintiff's request to deposit the escrow fund. *See* 28 U.S.C. § 1335(a)(2). Advantage is directed to deposit the funds with the Court registry within twenty days of the date of this memorandum of decision and order.

Upon payment of the funds with the Clerk of the Court, the plaintiff seeks to be released and discharged from any further liability to any party in this action or arising out of the escrow funds pursuant to 28 U.S.C. §§ 1335 and 2361. The Government does not object to this request.

■ "[I]nterpleader is designed to protect stakeholders from undue harassment in the face of multiple claims against the same fund, and to relieve the stakeholder from assessing which claim among many has merit." *Fidelity Brokerage Servs., LLC v. Bank of China*, 192 F.Supp.2d 173, 177 (S.D.N.Y.2002) (citing *Washington Elec. Coop. v. Paterson, Walke & Pratt*, P.C., 985 F.2d 677, 679 (2d Cir.1993)). Pursuant to 28 U.S.C. § 2361, the Court is empowered to discharge a plaintiff from further liability in any civil interpleader action. *See Merrill Lynch, Pierce, Fenner & Smith v. Clemente*, No. 98 Civ. 1756 LMM, 2001 WL 11070, at *4–5 (S.D.N.Y. Jan. 2, 2001), 2001 U.S. Dist. LEXIS 25, at *13. Before discharge, the plaintiff must have fully complied with the requirements of 28 U.S.C. § 1335. *Mendez v. TIAA/CREF*, 982 F.2d 783, 787 (2d Cir.1992). Section 1335 is a remedial device which allows a person holding property or money to compel two more parties asserting mutually exclusive rights to the fund to join and litigate their respective claims in one action. 4 James WM. Moore *et al.*, Moore's Federal Practice P 22.02[1] (3d ed.2003). Under Section 1335, "there must be a fund greater than $500; adverse claimants of diverse citizenship; deposit of the fund in court; and a disinterested stakeholder." *Mendez*, 982 F.2d at 787.

■ In this case, it is undisputed that the escrow fund is greater than $500; the funds have been directed to be deposited with the court, and Advantage is a disinterested stakeholder. However, although the parties fail to address this issue, the Court finds that diversity is lacking. All the adverse claimants are residents or citizens of New York, and the Government is not a citizen of any state for purposes of diversity jurisdiction. *See CPS Electric, Ltd. v. United States of America*, 166 F.Supp.2d 727, 732 (N.D.N.Y.2001). Nev-

ertheless, the Court has subject matter jurisdiction because this is an action to enforce four federal tax liens against taxpayer Leonard Rosen. *Id.* (holding that the court had subject matter jurisdiction because the action was brought to enforce a federal tax lien). Therefore, Advantage has satisfied the requirements of 28 U.S.C. § 1335.

However, the Government objects to Advantage's request for attorney's fees and disbursements in connection with this action, arguing that Advantage cannot recover if the escrow funds are subject to the federal tax liens. Advantage does not dispute the Government's contention. The plaintiff asserts that the issue of whether it is entitled to reasonable attorneys' fees and disbursements must be reserved until a determination as to the validity and superiority of the competing claims. The Court agrees.

■ Although reasonable attorney's fees and costs are routinely awarded to a disinterested stakeholder when those fees and costs are attributable to the interpleader action, *see Travelers Ins. Co. v. Estate of Zenifer Garcia*, No. 00 Civ. 2130, 2002 U.S. Dist. LEXIS 25952, at *6 (E.D.N.Y. Dec. 10, 2002), these fees and costs do not take priority over prior federal tax liens. *United States v. Equitable Life Assurance Society of United States*, 384 U.S. 323, 328, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966). Thus, if the total amount in the fund is insufficient to satisfy the prior federal tax liens, a disinterested stakeholder is not entitled to attorney's fees and costs. *McEnery v. Virginia Gallagher*, No. 93 Civ. 5795(DAB), 1996 WL 457297, at *4 (S.D.N.Y. Aug. 10, 1996), 1996 U.S. Dist. LEXIS 11681, at *12 (citing *United States v. State Nat'l Bank of Conn.*, 421 F.2d 519, 521 (2d Cir.1970)).

■ Here, the Government's position depends on the priority of its tax liens over

the judgment liens of the other defendants. The question of priority has not yet been decided by this Court. Therefore, the plaintiff's request for attorney's fees and disbursements associated with this interpleader action and the Government's objection to this request are premature. Accordingly, because Advantage must remain in this case if it desires to seek attorney's fees at the appropriate time, the motion to be discharged is denied.

 In the alternative, the plaintiff moves to remand the case back to state court. Under 28 U.S.C. § 1447(c), a motion for remand on the basis of any defect other than lack of subject matter jurisdiction must be filed within thirty days after the filing of the notice of removal. Given the existence of subject matter jurisdiction and the fact that the plaintiff waited for more than three months to move to remand, the motion is denied as untimely.

## III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that the plaintiff's request to deposit the escrow fund with the registry of the Court is GRANTED; and it is further

ORDERED, that the plaintiff is directed to deposit the escrow fund within twenty days of the date of this order into the Court registry to be deposited in an interest-bearing escrow account; and it is further

ORDERED, that the plaintiff's motion for discharge as stakeholder in the interpleader action and for award for attorney's fees and disbursements is DENIED without prejudice to renewal at the conclusion of the case; and it is further

ORDERED, that the plaintiff's motion to remand this action to the state court is DENIED.

SO ORDERED.